**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1354
_____

PETER D. GOINES, JR.,
Appellant

v.

ADAM OGLE, Warden York County Prison; BRIAN HORNER, Classifications Mgr
York County Prison; KEITH GEMBE, Corrections Officer York County Prison; JOHN
HAMMEL, Corrections Officer York County Prison
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:24-cv-02155)
District Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 28, 2026
Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed; July 30, 2026)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Peter Goines, Jr., proceeding pro se, appeals from the District Court's order granting summary judgment in favor of Appellees. We will affirm.

Goines filed a civil rights complaint against four employees of York County Prison, stemming from a brutal assault by five other prisoners the morning of June 14, 2024. Goines claims that he suffered severe physical injuries, including a fractured back and orbital bone and broken ribs, and that he developed "mental issues" due to the assault. He argues that Appellees—Warden Adam Ogle, Classifications Manager Brian Horner, and Corrections Officers Keith Gembe and John Hammel—failed to protect him and provided inadequate medical care following the assault.

Appellees moved for summary judgment on all claims, and the District Court granted the motion. The court first deemed Appellees' statement of material facts admitted on the ground that Goines's statement of facts did not comply with Middle District of Pennsylvania Local Rule 56.1. The District Court then reviewed the record and concluded that summary judgment was warranted. Goines timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's interpretation of its local rules for abuse of discretion, *see Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018), and our review of the District Court's grant of summary judgment is plenary. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 141 (3d Cir. 2017).

In his appellate brief, Goines argues that the District Court improperly applied Local Rule 56.1 and "deemed [Appellees'] statement of facts [as] admitted," which denied him "meaningful access to the summary judgment process." C.A. Doc. 9 at 3. He

contends that, as a pro se litigant, his filings should be liberally construed, and the court should avoid dismissal of his claims based on "technical procedural deficiencies." *Id.* We disagree.

Local Rule 56.1 provides that the party opposing summary judgment must file "a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the [moving party's] statement." M.D. Pa. L.R. 56.1. Such statements must "include references to the parts of the record that support the statements" and if the opposing party fails to object to the moving party's statement of material facts, that statement is deemed admitted. *Id.* As we have explained, the rule "is essential to the [District] Court's resolution of a summary judgment motion due to its role in organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence." *Weitzner*, 909 F.3d at 613 (citation modified).

Here, Goines's counterstatement is included with his three-page response to the motion for summary judgment. It contains eight unnumbered paragraphs without any of the requisite citations to the record. As the District Court pointed out, the paragraphs are "entirely independent" of those in Appellees' statement and "do not correlate in any meaningful way[.]" ECF 34 at 2 n.2. Goines's statement does not include any factual allegation relating to the time leading up to the alleged assault, the assault, or the medical care he received following the assault. Instead, the statement discusses the filing of unidentified grievances and Goines's dissatisfaction with his housing assignment after the assault. Nevertheless, to the extent Goines disputed Appellees' statement of facts, the

District Court cited to Goines's statement in its opinion. And, on appeal, Goines neither identifies any factual allegations in his statement that would have affected the District Court's conclusions, nor argues that there was any prejudicial error in the court's application of Local Rule 56.1.

Furthermore, the District Court did not rely solely on Local Rule 56.1. Rather, after deeming Appellees' statement admitted under the rule, the court independently conducted the "full analysis" required to determine whether granting summary judgment was appropriate. *Weitzner*, 909 F.3d at 614 (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). Goines does not identify any errors in the District Court's merits analysis, and none are apparent to us. Ultimately, the court was well within its discretion in applying Local Rule 56.1 and deeming Appellees' statement of facts admitted. *See McDowell v. Phila. Hous. Auth.*, 423 F.3d 233, 238 (3d Cir. 2005) (explaining that an abuse of discretion can result from "an errant conclusion of law, an improper application of law to fact, or a clearly erroneous finding of fact").

To the extent that Goines argues that the District Court should not have applied Local Rule 56.1 due to his status as a pro se litigant, he is mistaken. Though we liberally construe pro se filings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), "federal courts treat pro se litigants the same as any other litigant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Indeed, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). We note that, in ordering Goines to respond to the motion for

4

summary judgment, the District Court explicitly advised him of the need to comply with Local Rule 56.1 and how to do so.

For the reasons stated above, we will affirm the District Court's grant of summary judgment.